FILED

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Ft. Myers Division

2017 JUN 16 PM 1: 50

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS FLORIDA

Michael A. Brown

*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

Michael McClure md, phd, et al

*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 2:17-CV-337-FtM-99MRM

*(to be filled in by the Clerk's Office)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | Michael A. Brown |
| All other names by which you have been known: | Michael Brown |
| ID Number | K52322 |
| Current Institution | Florida State Prison |
| Address | P.O. Box 800 |
| | Raiford        FLA        32083 |
| | *City*        *State*        *Zip Code* |

### B.     The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Michael McClure MD , phd |
| Job or Title *(if known)* | Psychiatrist |
| Shield Number | NA |
| Employer | Centurion of Fla /Charlotte Correctional Inst. |
| Address | 33123 Oil Well Rd. |
| | Punta Gorda        FLA        33955 |
| | *City*        *State*        *Zip Code* |

☒ Individual capacity    ☐ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | Bryn Marcus, BHS |
| Job or Title *(if known)* | Behavoural Specialist |
| Shield Number | NA |
| Employer | Centurion of Fla / Charlotte Correctional inst. |
| Address | 33123 Oil Well Rd. |
| | Punta Gorda        FLA        33955 |
| | *City*        *State*        *Zip Code* |

☒ Individual capacity    ☐ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3
    Name          K. Johnson , ARNP
    Job or Title *(if known)*   Nurse Practioner
    Shield Number     NA
    Employer        Centurion of Fla/ Charlotte Correctional Inst.
    Address         33123 Oil Well Rd.

    Punta Gorda      Fla      33955
         *City*         *State*      *Zip Code*
    ☒ Individual capacity    ☐ Official capacity

Defendant No. 4
    Name
    Job or Title *(if known)*
    Shield Number
    Employer
    Address

         *City*         *State*      *Zip Code*
    ☐ Individual capacity    ☐ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

    ☐ Federal officials (a *Bivens* claim)

    ☒ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

    8th Amendment (Due Process) & 14th Amendment (Equal Protection)

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

D.  Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983.  If you are suing under section 1983, explain how each defendant acted under color of state or local law.  If you are suing under *Bivens*, explain how each defendant acted under color of federal law.  Attach additional pages if needed.

SEE Attached IN PArt II . D PAGE 4

## III.  Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐  Pretrial detainee

☐  Civilly committed detainee

☐  Immigration detainee

☒  Convicted and sentenced state prisoner

☐  Convicted and sentenced federal prisoner

☐  Other *(explain)* _____

## IV.  Statement of Claim

State as briefly as possible the facts of your case.  Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events.  You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.  If the events giving rise to your claim arose outside an institution, describe where and when they arose.

NA

B.  If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE Attached IN part IV. B-D PAGE 4 35

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.      What date and approximate time did the events giving rise to your claim(s) occur?

See Attached in part IV. B-D page 4 & 5

D.      What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

See Attached in part IV. B-D page 4 & 5

## V.      Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

( 1x.) On 7.21.16, severed AC vein on left arm. Attended to by Nurse Stuart at Charlotte C.I.

( 2x.) On 7.25.16, severed AC veins on both arms. Significant bloodloss which required outside hospital (Bayfront Medical Center) and blood transfusion

(3x.) On 8.4.16, severed AC veins on both arms. Significant bloodloss, air lifted to LEE Memorial hospital and later to Bayfront Medical Center for blood transfusion and treatment of blood infection.

## VI.      Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

A.) Plaintiff ask that this court award the following:

B.) All the aforementioned defendants are being sued in their individual capacity.

C.) Plaintiff, demands Trial by Jury

D.) Plaintiff seeks compensatory damages in the following amounts.

E.) Plaintiff seeks punitive damages of undisclosed amounts.

See Attached in part VI. page 5

## VII.   Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Charlotte Correctional Institution

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☒ Yes

☐ No

☐ Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☒ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

All Claims

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☒ Yes

☐ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☐ No

E.   If you did file a grievance:

1.   Where did you file the grievance?

Charlotte Correctional Institution

And a Amendment at current location (FSP) but failed to respond.

2.   What did you claim in your grievance?

Indifference, Neglect, discrimination and pain & suffering.

3.   What was the result, if any? No results. It was Explained that the institution cannot compensate plaintiff and that the staff mentioned did nothing wrong. The highest ruling Authority (Tallahassee front office) concurred.

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Plaintiff followed procedure and grieved the issue to the very Top of Authority (Tallahassee front Office) and even tried to Amend for clarification, but current institution would not respond (Florida State Prison) and Tallahassee would not discuss Amendment unless current prison addressed issue, in which case they refuse to do.

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

NA

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

NA

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

All revelent authority figures in the state of FLA. are aware of my issues and intent, but refuse to cooperate or do anything about this.

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

NA

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.  Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.  If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.  Parties to the previous lawsuit
    Plaintiff(s)        NA
    Defendant(s)

2.  Court *(if federal court, name the district; if state court, name the county and State)*
    NA

3.  Docket or index number
    NA

4.  Name of Judge assigned to your case
    NA

5.  Approximate date of filing lawsuit
    NA

6.  Is the case still pending?

    ☐ Yes

    ☐ No

    If no, give the approximate date of disposition.        NA

7.  What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

    NA

C.  Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit
        Plaintiff(s)    _____ NA _____
        Defendant(s)   _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____ NA _____

    3.    Docket or index number
        _____ NA _____

    4.    Name of Judge assigned to your case
        _____ NA _____

    5.    Approximate date of filing lawsuit
        _____ NA _____

    6.    Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition    _____ NA _____

    7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____ NA _____

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.


### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    6 · 12 · 17

| | |
|---|---|
| Signature of Plaintiff | *M P B* |
| Printed Name of Plaintiff | Michael A. Brown |
| Prison Identification # | K52322 |
| Prison Address | Florida State Prison  P.O Box 800 |
| | Raiford                    Fl        32083 |
| | City                        State      Zip Code |


### B.    For Attorneys

Date of signing:    _____

| | |
|---|---|
| Signature of Attorney | |
| Printed Name of Attorney | |
| Bar Number | |
| Name of Law Firm | |
| Address | |
| | City          State          Zip Code |
| Telephone Number | |
| E-mail Address | |

(Continued from Page 11)

Defendant(s)

Bryn Marcus , BHS

K. Johnson , ARNP

(ii)

Constitutional Violations:

II. In part of page 3 of 11 — continuation.
~~░░░░░░ ░░░░░░░ ░░ ░░░░░░. ░░░ ░░░░░░ ░░ — ░░░░░░░░░░░░░░░░~~

The three (3) defendants in this complaint, Dr. McClure MD, phd, counselor Marcus / BHS and Ms. Johnson ARNP are in violation of plaintiff's 8th Amend-ment (Due Process) and 14th Amendment (Equal Protection) US Constitutional Right to be free from Cruel & Unusual Punishment and have Equal Pro-tection of the laws.

Claim Count ONE (1) "Deliberate Indifference"
① Charlotte Correctional Institution Mental health Staff Dr. McClure MD, phd, counselor Marcus / BHS and Ms. Johnson / ARNP are in violation of plaintiff's 8th Amendment US Constitutional Right (A Due Process violation) to be free from Cruel & Unusual Punishment by knowingly and intentionally refusing to treat plaintiff's serious medical need (ie: depression, Suicidal tendencies) that resulted in physical injury (ie: self-inflicted) defendants Dr. McClure MD, phd Counselor Marcus / BHS and Ms. Johnson / ARNP knew of and disregarded an excessive risk to plaintiff's health and safety and failed to take steps to pro-tect plaintiff (ie: medication, counseling and con-tinued observation) from known danger of himself whose suicide potential was obvious. Plaintiff meets the standard of an Deliberate Indifference claim. (1) plaintiff had a serious medical need that defend-ants knew of (2) the defendants failed to respond reasonably (3) and as a result, plaintiff was able to continually harm himself ('3x's) As a result, defendants were Deliberately Indifferent to plaintiff's suicide risk potential, which constitutes cruel & unusual Punishment, a due Process violation. The

1.

II. IN PART of PAGE 3 of 11 — CONTINUATION

~~████ ████ ██ ████~~.  ~~██ ███████ ██— ███████████~~

obviousness of the risk that plaintiff would find and use something to harm himself could be inferred if defendants Dr. McClure MD, phd, counselor Marcus BHS and Ms. Johnson /ARNP classification of diagnosis substantially departed from accepted professional Norms, defendant's conduct was not NECESSARY to or inherent in policy or planning but merely reflected a secondary decision as to how policy or plans would be carried out. All three (3) defendants, Dr. McClure MD, phd, counselor Marcus /BHS and Ms. Johnson /ARNP are part of a multi-disciplinary service Team (a board in the mental health unit at Charlotte C.I, that makes all decisions concerning mental health inmates and suicide watch inmates in the mental health building) And so was instrumental in "all" instances of discharge from IMR /SHOS (suicide watch) All three (3) defendant's judgement deviated from accepted professional Norms. All three (3) defendants owed plaintiff a duty of care in which case, all three (3) defendants breached that duty with deliberate indifference to plaintiffs serious medical need, which resulted in physical harm. And that constitutes cruel & unusual punishment a due process violation of the 8th Amendment of the US Constitution. All three (3) defendants Dr. McClure MD, phd, counselor Marcus /BHS and Ms. Johnson /ARNP acted under color of state law.

2.

II. IN Part of PAge 3 of 11 - CONTINUATION
▨▨▨ ▨▨▨ ▨▨ ▨▨▨. ▨▨ ▨▨▨ ▨ - ▨▨▨▨▨▨▨▨▨

Claim Count Two (2) " Discrimination "

(2) Charlotte Correctional Institution, Mental health staff, Dr. McClure MD, phd, Counselor Marcus BHS And Ms. Johnson / ARNP Are in violation of plaintiff's 14th Amendment US Constitutional Right (A Equal Protection violation) to have Equal Pro--tection of the law, by Knowingly And intentionally Discriminating Against plaintiff by Not treating plaintiff's serious medical Need ( ie: suicide potential And admitting plaintiff in their Crisis Stabili--zation Unit ( CSU) program to undergo treat--ment ( ie: medication, counseling And continual observation) for which is the CSU programs purpose defendant's Knew plaintiff faced A substantial "Risk" of serious harm And disregarded that risk, by fail--ing to take reasonable measures to Abate it ( ie: Admittance to CSU program) all inmates with severe Mental health issues ( ie: suicide potential or High Risk) Are Admitted in the CSU program, but the defendant's Dr. McClure MD, phd, Counselor Marcus / BHS And Ms. Johnson / ARNP, All of who is on the multi-disciplinary Service Team, A Board that makes "All" decisions concerning Mental health issues At Charlotte C. I , refused to Admit plaintiff in their CSU program. plaintiff was diagnosed As suicide potential And meet the criteria to get Admitted to the CSU program, but plaintiff was discriminated Against because he was An Closed Management Con--finement (CM) inmate And was having other unrelated disciplinary issues with security. There's No policy or rule that states CM inmates Are prohibited to be Admitted in the CSU program

3.

II. IN PART of Page 3 of 11 - CONTINUATION

~~[struck through text]~~ ~~[struck through text]~~ ~~[struck through text]~~ — ~~[struck through text]~~

AND if there were, defendant's still failed to send plaintiff to AN CSU program at any other insti- -tution until "After" his third suicide attempt. plaintiff had attempted suicide three (3) times AND still was not placed in CSU treatment while other inmates was placed in the program (or getting transferred to other CSU's) with less severe mental health issues. After plain- -tiff's "third" suicide attempt was he finally transfered to another institution (UNION Corr- -ectional Institution) for CSU treatment. plain- -tiff asserts he was discriminated against by Dr. McClure MD, phd, Counselor Marcus/BHS AND Ms. Johnson/ARNP. All three (3) defendants Are ON the multi-disciplinary Service Team And made the decision not to admit plaintiff in CSU treatment, when it was obvious plaintiff was suicidal high risk AND needed Crisis Stabili- -zation. plaintiff was discriminated against because of his security status (ie. CM inmate) AND disciplinary history And therefore denied Ad- -mittance to A CSU program for treatment until forced by superiors to do so. That is A 14th Amendment (Equal Protection) US Constitutional violation And All three (3) defendants, Dr. McClure MD, phd, Counselor Marcus/BHS And Ms. Johnson ARNP Acted under color of state law while doing so.

4.

II. IN Part of Page 3 of 11 - Continuation/Ending
~~Below approach repeat. No passage of - Household/house~~ / ~~household~~

Claim Count Three (3) "Pain & Suffering"

(3) Charlotte Correctional Institution, Mental health Staff, Dr.
McClure MD, phd, Counselor Marcus/BHS And Ms. Johnson/ARNP
Are in violation of plaintiff's 8th Amendment US Constitutional
Right (A Due Process violation) to be free from Cruel & Unusual
Punishment, by their total Indifferent And Discriminatory
Actions toward plaintiff, plaintiff attempted suicide on
three (3) different occasions (7·21·16, 7·25·16 & 8·3·16)
two (2) of which was so severe that a blood-transfusion
was required to save his life, defendants was reckless in their
Non-Action by disregarding a risk of harm that they were
very Aware of. plaintiff has sustained scars on both Arms
from Numerous cuts And severed veins that had to be re-stit-
-ched. plaintiff is still Experiencing pain from his self-
-inflicted wounds And suffering from the ordeal of trying to
take his own life, plaintiff is Also suffering from A deep
depression with a low-self esteem And feelings of worth-
-lessness, And A severe mistrust of All Mental health Staff.
plaintiff is currently on medication to help him cope, with
Everyday life. plaintiff is still in pain & suffering. plain-
-tiff is Also suffering with An inability to sleep, in
which case he's taking medication to achieve sleep
Dr. McClure MD, phd, Counselor Marcus/BHS And
Ms. Johnson/ARNP judgement deviated from
Accepted professional Norm to make plaintiff
feel this, way About himself And life And that
Constitutes cruel & Unusual Punishment, A Due
Process violation of the 8th Amendment US Consti-
-tution. All three (3) defendants Acted under
color of state law.

## Statement of facts:

IV. In Part of PAGE 4 of 11 B - D - continuation

~~Section part IV B - D "Continuation"~~

Plaintiff Arrived At Charlotte Correctional Institution on 4-23-16 from Martin Correctional Institution. Prior to arriving At Charlotte C.I, plaintiff suffered a minor mental breakdown At Martin C.I that resulted with an assault of a staff member and plaintiff being Emergency transfered to Charlotte C.I to await closed management (CM) confine-ment placement. Within several days of being housed in Charlotte C.I confinement unit, plaintiff seen a mental health counselor As per policy. Upon that inter-view, plaintiff informed the counselor (name un-known) of his mental health issues (ie: CM placement And why he assaulted a staff member) And requested to talk to a doctor As soon As possi-ble. (Note: plaintiff has been diagnosed As a depressive inmate for several years prior to said interview) The counselor promised plaintiff an Appointment to see a doctor As soon As possible. Many weeks passed since that intial interview And still no doctor Appointment was scheduled. Plain-tiff then proceeded to write a official request (Exhibit "A") form to see Dr. McClure MD, And A senior psychiatrist on the mental health staff At Charlotte Correctional Institution, Explaining that plaintiff was having mental health problems And needed to see him. That request was ignored. Plain-tiff then took the next step of procedure And wrote An "informal Grievance" to mental health Dept. stating his disire to see Dr. McClure or any other doctor immediately. The response to that informal Grievance was that An Appointment was being scheduled (Exhibit "B") in which case, nothing

6.

IV. IN PArt of PAGE 4 of 11 B-D - CoNtiNuAtioN
~~████ ████ ███. ████████  ████ ████████ - ████████████████~~

happened. plaintiff then took the last institutional
level administrative procedure step And wrote A
"Formal" Grievance (Exhibit "C") And still Never
saw or heard from ANY mental health (Dr. McClure
Mr. MArcus, Ms. Johnson) staff. over time plaintiff
felt Neglected And discriminated against because
of what he did At MartiN Correctional Institution
(Assault on staff member) Charlotte C. I, mental
health staff was totally ignoring plaintiff's mental
health Needs And pleas for help. Therefore on
7·21·16 at About 12 to 1:00 Am plaintiff attempt-
-ed suicide by cutting open his AC veins, when
Asked by security why he did it, plaintiff inform-
-ed them that he did it because he felt worthless
And uncared for. That the mental health staff
At Charlotte C. I refused to see him And made
him feel that way about himself. plaintiff was
then placed in medical cell H-101. oN 7·21·16
Around 8 to 9:00 Am A counselor (Ms. HerNANdez)
CAme to talk to plaintiff on suicide watch for About
20 minutes. Ms. HerNANdez wanted to know why
plaintiff tried to kill himself? plaintiff explained
to Ms. HerNANdez that he tried to talk to someone
from mental health to inform them of his deteriora-
-ting mental health And that As A result he felt
worthless And hopeless And that he still wished
to kill himself. Counselor HerNANdez documented
plaintiff's statement And informed plaintiff that A
doctor would see him later that dAy. At Around
1 to 2:00 pm that same day A Ms. JohNSoN /ARNP
CAme by to talk to plaintiff. once Again plaintiff
informed Ms. JohNSoN of his mental health, that

7.

he'd been trying for many weeks to see a doctor which was denied him and informed her as a result he felt worthless and uncared for and that he still wished to harm himself. After about 5 minutes Ms. Johnson /ARNP left plaintiff's cell. On 7-25-16 Ms. Johnson /ARNP discharged plaintiff off IMR/SHOS (suicide watch) Even After plaintiff strenuously objected her decision And informed her he was still very suicidal. Ms. Johnson /ARNP discharged plaintiff anyway. A little over an hour later after being discharged plaintiff got access to a cutting tool and attempt- -ed suicide again by cutting open his AC veins in both arms, in which case resulted in plaintiff being rushed to the outside hospital (Bayfront Medical Center) for a blood-transfusion to save his life. On 7-27-16 plaintiff was released from the hospital and housed in Charlotte C.I mental health building (C-dorm) where Dr. McClure MD, phd is the senior psychiatrist. plaintiff was assigned to Dr. McClure MD, phd and Counselor Marcus /BHS, a two (2) man mental health team. plaintiff was placed once again on IMR/SHOS (suicide watch) And every morning would be taken out of his cell to go talk to Dr. Mc- -Clure MD, phd and Counselor Marcus /BHS. Every- -day they would ask plaintiff how he was feeling And every time plaintiff explained that he was feel- -ing worthless and hopeless and that he still felt very suicidal. Exactly a week later on 8-3-16 Dr. McClure MD, phd and Counselor Marcus /BHS made the decision to discharge plaintiff off of

8.

IV. IN PART OF PAGE 4 OF 11 B-D - CONTINUATION
~~IV. IN PART OF PAGE 4 OF 11 B-D - CONTINUATION~~

Suicide watch (after it was clearly obvious
plaintiff was high risk) without his know-
-ledge or approval after repeatedly day by day
telling Dr. McClure MD, phd and counselor Marcus
BHS that he was gonna try to continue to harm
himself again if given a chance. Dr. McClure
MD, phd and counselor Marcus/BHS ordered
plaintiff discharged anyway. plaintiff then
complained of this incident with Nurse goodman
who came on shift later that day. A few hours
later that night around or close to midnight
plaintiff gained access to a cutting object
(ie: eating utensil/spork) and attempted suicide
by cutting open his AC vein, so severely that
plaintiff had to be air lifted on a medical heli-
-copter to the nearest hospital ~~and~~ (lee memorial)
on 8-4-16 and then later that morning rushed
to Bayfront Medical Center again to undergo
another blood-transfusion and treatment for a
blood infection. On 8-7-16 plaintiff was released
from Bayfront Medical Center for the second time
in as many weeks for attempted suicide. Once plain-
-tiff arrived back at charlotte correctional insti-
-tution, plaintiff was once again placed in the
mental health building (C-dorm) which houses
charlotte C.I's Crisis Stabalization Unit (CSU)
and Transitional Care Unit (TCU) The two (2)
programs that cater to severe mental health
inmates. plaintiff was once again "not" placed in
either mental health program, but was once again
placed on IMR/SHOS (Suicide watch) until on
8-11-16 plaintiff was transfered from charlotte
9.

IV. IN PART of PAGE 4 of 11 B-D- CONTINUATION / ENDING
~~Brown Johnson Dr. McClure McClure Counselor Continuation / Ending~~

Correctional Institution to Union Correctional Insti-
-tution in their CSU program to undergo treatment
All three (3) defendants Dr. McClure mD, phD,
Counselor Marcus/BHS and Ms. Johnson/ARNP
was instrumental in "All" instances of, discharge
off suicide watch, which resulted in physical
injury (ie: self-harm) All three (3) defendants
were indifferent to plaintiff's serious medical need
and All three (3) defendants were acting under
color of state law while doing so.

These statements of fact are factual, except
as to matters alledged on information and
belief.

M___ B___ #K52322

Michael A. Brown
Florida State Prison
P. O. Box 800
Raiford, Fl 32083

10.

In part VI. page 5 — Continuation

① Defendant, Michael McClure MD, phd, is being sued $50.000 for Deliberate Indifference, for failing to treat plaintiff's serious medical need, which resulted in serious self-harm injury. As the psychiatrist assigned plaintiff's case, defendant Dr. McClure MD, phd. breached duty of care owed plaintiff by failing to treat plaintiff's serious medical need which resulted in serious injury.

② Defendant, Michael McClure MD, phd, is being sued $50.000 for Discrimination. defendants conduct (ie. failing to treat plaintiff serious medical need) was not necessary to or inherent in policy or planning (by refusing to enroll plaintiff in the mental health program CSU—Crisis Stabalization Unit) but merely reflected a secondary decision as to how policy or plans would be carried out. plaintiff was a high risk mental health patient but was refused treatment because of his security status (cm-1 inmate)

③ Defendant, Michael McClure MD, phd, is being sued $50.000 for pain & suffering, in that defendants breach of duty in mental health treatment of plaintiff's serious medical need, in which he was owed a level of care plaintiff suffered physical injuries (self-inflicted) and underwent two (2) blood-transfusions and is still suffering from pain, mentally & physically, also sleeplessness, nightmares and low self-esteem from defendant's wrongful acts or ommissions, while acting within the course and scope of his employment plaintiff endured pain & suffering.

11.

In pact VI.  page 5 — continuation

④ Defendant, Bryn Marcus/BHS, counselor, is being sued $50,000 for Deliberate Indifference for failing to treat plaintiff's serious medical need, which result- -ed in serious self-harm injury. As the counselor assigned plaintiff's case, defendant Mr. Marcus /BHS breached duty of care owed plaintiff, by failing to treat plaintiff's serious medical need, which resulted in serious injury.

⑤ Defendant, Bryn Marcus/BHS, counselor, is being sued $50,000 for Discrimination, defendant's conduct (ie: failing to treat plaintiff's serious medical need) was not necessary to or inherent in policy or planning (by refusing to admit plaintiff in the mental health program CSU-Crisis Stabalization Unit) but merely reflected a secondary decision as to how policy or plans would be carried out. plaintiff was a high risk mental health patient, but was refused treatment because of his security status (ie: CM-1 inmate)

⑥ Defendant, Bryn Marcus / BHS, counselor, is being sued $50,000 for pain & Suffering, in that defend- -ant's breach of duty in mental health treatment of plaintiff's serious medical need, in which he was owed a level of care, plaintiff suffered physi- -cal injuries (self-inflicted) and underwent two (2) blood-transfusions and is still suffering from pain physically and mentally. also sleeplessness, night- -mares and low self-esteem, from defendant's wrongful acts or ommissions while acting within the course and scope of his employment, plaintiff endured pain & Suffering  12.

In part VI. page 5 — Continuation

⑦ Defendant, K Johnson / ARNP, is being sued $50,000 for Deliberate Indifference, for failing to treat plaintiff's serious medical Need, which resulted in serious self-harm injury. As the Nurse Practioneer Assigned plaintiff's case on 7·21·16 to 7-25·16 defendant Ms. Johnson / ARNP, breached duty of Care owed plaintiff, by failing to treat plaintiff's serious medical Need, which resulted in serious injury.

⑧ Defendant, K Johnson / ARNP, is being sued $50,000 for Discrimination. defendant's conduct (ie: failing to treat plaintiff's serious medical Need) was not Necessary to or inherent in policy or planning (by refusing to Admit plaintiff in the mental health program CSU- Crisis Stabilization Unit) but merely reflected a secondary decision as to how policy or plans would be carried out. Plain-tiff was a high risk mental health patient, but was refused treatment because of his security status (CM-1 Inmate)

⑨ Defendant, K Johnson / ARNP, is being sued $50,000 for pain & suffering, in that defendant's breach of duty in mental health treatment of plaintiff's serious medical Need, in which he was owed a level of care. Plain-tiff suffered physical injuries (ie: self-inflicted) And underwent two (2) blood-transfusions And is still suffering from pain, physically & mentally, also sleep--lessness, Nightmares And low self-esteem, from defendant's wrongful acts or ommissions while act--ing within the course and scope of her employment plaintiff endured pain & suffering.

13.

In part VI. page 5 — Continuation/Ending

(10) Injuries sustained as a result of defendant's Deliberate Indifference and Discrimination result-ed in pain & Suffering. All three (3) defendants Dr. McClure MD, phd, Counselor Marcus / BHS And Ms. Johnson / ARNP, violated plaintiff's 8 th and 14 th Amendment US Constitutional Rights All Aforementioned defendants are being sued in his/her individual Capacity and all three (3) defendants acted under color of state law.

(11) plaintiff asks that all debts, medical bills, Court Costs and all related monies be paid by defendants

(12) plaintiff requests to see, read, all photo's, reports All discovery Materials and Assorted paperwork.

(13) plaintiff seeks to have a jury determine punitive damages.

14.